IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TUOUIDA LUCAS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 25-0260-WS-B |
| | ) |
| LIFE INSURANCE COMPANY OF | ) |
| NORTH AMERICA, | ) |
| | ) |
|    Defendant. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand. (Doc. 7). The parties have filed briefs in support of their respective positions, (Docs. 7-1, 9, 10), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be denied.

**BACKGROUND**

According to the complaint, (Doc. 1-1), the plaintiff's employer provided short-term disability and long-term disability benefits by virtue of a policy issued by the defendant to the employer. Short-term benefits were available for a maximum of thirteen weeks and long-term benefits for a maximum of sixty months. The plaintiff filed a claim for benefits in June 2024, which the defendant denied. The plaintiff's appeal was denied in April 2025. The plaintiff filed suit in state court on June 10, 2025, and the defendant timely removed on June 27, 2025. The parties are of diverse citizenship, but the plaintiff denies that the defendant has met its burden of showing that the amount in controversy at the time of removal exceeded the jurisdictional threshold.

The complaint asserts two claims: breach of contract (Count One) and bad faith (Count Two). Contractual damages are described as benefits due plus a multiplier (2.0) for mental anguish. Bad faith damages are described as benefits due plus a multiplier

(2.3) for mental anguish and punitive damages. The notice of removal cumulates these figures to reach an amount in controversy above $80,000. (Doc. 1 at 4). The plaintiff argues that the defendant has misread the complaint.

## DISCUSSION

As the party invoking federal jurisdiction, the defendant bears the burden of showing that the amount in controversy exceeds the jurisdictional threshold. *E.g., Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). The requisite amount must be in controversy at the time of removal. *E.g., Anderson v. Wilco Life Insurance Co.*, 943 F.3d 917, 925 (11th Cir. 2019). The parties agree that, since the complaint seeks no declaratory relief but only damages, the value of future benefits to which the plaintiff was not yet entitled at the time of removal cannot be included in the amount in controversy.

The complaint alleges that short-term disability benefits totaling $3,806.40 should have been paid for the approximate time frame of June 2 through September 15, 2024. (Doc. 1-1 at 15). The complaint alleges that long-term disability benefits accrue at the rate of $1,268.80 per month and that, as of June 15, 2025, the amount of such benefits due was $11,412.00. (*Id.*). The defendant argues that the amount of contractual benefits at issue for jurisdictional purposes is thus $15,218.40.[1] The defendant adds twice that figure ($30,436.80) to reach an amount in controversy under Count One of $45,655.20. So far, so good.

For additional damages under Count Two, the defendant multiplies contractual benefits by 2.3 ($35,002.32) and calls that figure the amount of punitive damages the complaint demands. The defendant adds this figure to the Count One figure to arrive at an amount in controversy of $80,657.52. (Doc. 1 at 4; Doc. 9 at 4, 5).

---

[1] The defendant does not rely on the complaint's demand for 8% interest per month of unpaid disability benefits. Nor does the defendant assert that another $1,268.80 in long-term benefits became payable before removal.

The Court agrees that the defendant has misread the complaint. Count Two "demands reasonable mental anguish and punitive damages with a reasonable multiplier of 2.3 times the amount of benefits due," and its *ad damnum* clause repeats the demand for "reasonable mental anguish and punitive damages at a multiplier of 2.3 times the amount of the benefits due." (Doc. 1-1 at 18-19). The multiplier patently describes the combined amount of mental anguish damages *and* punitive damages demanded, not simply punitive damages. The defendant offers no textual defense of its alternate reading.[2]

The plaintiff argues that the mathematical implication of her pleading is that she seeks punitive damages of 0.3 times the amount of benefits due. (Doc. 7-1 at 12). This figure translates into a demand for approximately $4,565.52 as of the time of removal, resulting in a total amount in controversy of approximately $50,220.72. The plaintiff concedes that the amount in controversy under her formula is rising (by approximately $4,187.04) with each passing month as another long-term disability benefit (with its 2.3 multiplier) becomes due, but she notes that the resulting cumulative figure will not exceed $75,000 for several more months. (Doc. 7-1 at 6, 10-11).

The plaintiff correctly recognizes 28 U.S.C. § 1446(c) as setting forth the weight to be given the complaint's implicit cap on the amount in controversy. (Doc. 7-1 at 6-8). Under that provision, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" *unless* the complaint either seeks non-monetary relief or seeks monetary relief "but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." In

---

[2] Although the defendant does not articulate such an argument, it might be possible to read the quoted material, in isolation, as meaning the plaintiff seeks mental anguish damages of an unidentified amount plus punitive damages as a 2.3 multiplier of benefits due. A comparison with Count One, however, eliminates that possibility. Count One and its *ad damnum* clause demand "mental anguish damages" (not "mental anguish") calculated as double the benefits due. (Doc. 1-1 at 15). Count Two does not seek "mental anguish damages" and then, separately, punitive damages; instead, it seeks "mental anguish and punitive damages" as a unit. That is, "mental anguish" and "punitive" are adjectives both modifying the single noun, "damages," and it is "damages" that is subject to the 2.3 multiplier.

such a case, "removal ... is proper" if the Court finds, "by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold.[3]

The plaintiff takes pains to show that her multipliers were selected in good faith for purposes of Section 1446(c). (Doc. 7-1 at 8-10). However, because Alabama allows recovery beyond that demanded in the complaint,[4] the question is whether the defendant has properly shown that, despite the complaint's damages formula, the amount in controversy at the time of removal exceeded $75,000, exclusive of interest and costs. The plaintiff ultimately concedes the point. (Doc. 7-1 at 6, 8).

The defendant does not suggest that the mental anguish damages demanded under Count Two are, in whole or in part, different damages than the mental anguish damages demanded under Count One. Nor does the defendant propose that the plaintiff can be awarded the same mental anguish (or contractual) damages twice -- once under Count One and again under Count Two.[5] The defendant instead concedes that the amount in controversy at the time of removal was $45,654.20, plus punitive damages. (Doc. 9 at 6). For subject matter jurisdiction to exist, then, the defendant must show that the amount of punitive damages in controversy as of removal exceeded $29,345.80.

This Court "has looked to whether specific facts are provided to suggest that the defendant's alleged actions were or might have been so egregious or reprehensible to support a substantial punitive damages demand." *Mosley v. State Farm Fire and Casualty Co.*, 2022 WL 2287927 at *3 (S.D. Ala. 2022) (internal quotes omitted). Moreover, this Court "has recognized that allegations that the defendants' conduct was part of a pattern or practice of similar fraudulent conduct would indicate that a significant

---

[3] The standard is not, as the plaintiff elsewhere asserts, "beyond doubt." (Doc. 10 at 4). Nor, as the plaintiff tardily suggests, (*id.* at 5), does the standard enunciated in *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994), survive the 2011 enactment of Section 1446(c). *Mosley v. State Farm Fire and Casualty Co.*, 2022 WL 2287927 at *4 (S.D. Ala. 2022).

[4] *E.g., Miller v. Wal-Mart Stores East, LP*, 2017 WL 5496357 at *2 (S.D. Ala. 2017).

[5] The plaintiff's assertion to the contrary, (Doc. 10 at 3-4), is mistaken.

award of punitive damages is sought." *Id*. (internal quotes omitted).  The defendant argues that both considerations identified in *Mosley* reflect a substantial amount of punitive damages in controversy here.  (Doc. 9 at 7-8).  The Court agrees.

The complaint contains an unusually long and detailed description of the defendant's alleged misconduct in the assessment and denial of the plaintiff's claim, as well as the impact on the plaintiff of this conduct physically, psychically, and practically.  (Doc. 1-1 at 5-11).  Moreover, the complaint alleges that the defendant "has engaged in a pattern and practice of ... denying claims without a basis" as to other individuals.  (*Id*. at 17-18).  The plaintiff in her reply brief elected to ignore the defendant's argument.  The Court is persuaded under the governing standard that the allegations of the complaint place at least $30,000 of punitive damages in controversy, such that the total amount in controversy at removal exceeded $75,000, exclusive of interest and costs.

For the reasons set forth above, the plaintiff's motion to remand is **denied**.  The plaintiff's embedded request for an award of attorney's fees and expenses pursuant to Section 1447(c), (Doc. 7 at 5), construed as a motion for such relief, is **denied**.

DONE and ORDERED this 25th day of August, 2025.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE